# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1997

**FILED**

**July 18, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE, )
        ) No. 02C01-9602-CC-00068
   Appellee  )
        ) MADISON COUNTY
vs.       )
        ) Hon. FRANKLIN MURCHISON, Judge
BOBBY ANDERSON,  )
        ) (Probation Revocation)
   Appellant  )

For the Appellant:

**PAMELA J. DREWERY**
Asst. Public Defender
227 W. Baltimore
Jackson, TN  38301

**GEORGE MORTON GOOGE**
District Public Defender

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**SUSAN ROSEN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**NICK NICOLA**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN  38302

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

OPINION

The appellant, Bobby Anderson, appeals as of right from a judgment of the Madison County Circuit Court revoking his probation. The sole issue before this court is whether the trial court erred by reinstating the appellant's original sentence instead of ordering another less restrictive alternative to confinement pursuant to Tenn. Code Ann. § 40-35-103(1)(C).

After reviewing the record, we affirm the trial court's judgment.

In July of 1993, the appellant entered three guilty pleas to felony drug offenses and received an effective ten year sentence with placement in the local community corrections program. His community corrections sentence was ultimately revoked and the appellant was transferred to the Wayne County Correctional Facility where he participated in the "boot camp program." After his release from "boot camp" in November of 1994, he was placed on intensive probation. Two days after being placed on intensive probation, the appellant was arrested for disorderly conduct. In January, 1995, the appellant was arrested for aggravated robbery and was again arrested in May of 1995 for criminal trespass and resisting arrest. In addition to these arrests, which were not reported, the appellant, among other violations, used drugs, failed to perform required community service, failed to pay court cost, failed to report as directed, and failed to submit to drug tests.

The appellant does not dispute the allegations that he violated the conditions of his probation. At the sentencing hearing, he offered the excuse that he had failed to attend drug screenings and had failed to perform the required community service because he had car trouble. He also related that he did not pay his court costs because he had only been working temporary jobs.

2

He explained that after helping his mother financially, he barely had enough money to support himself. According to the appellant's own testimony, his "support" included marijuana purchases. The appellant testified, "I do have a little marijuana problem. I like to sort of relax back and smoke a little marijuana. . . ."

The appellant's sole contention is that the trial court erred in ordering that his entire ten year sentence must be served in the Department of Correction without considering other alternatives. This argument is misplaced. If the trial court finds by a preponderance of the evidence that a probationer violates a condition of his probation, it is within the court's discretion to revoke probation and cause execution of the judgment as it was originally entered. Tenn. Code Ann. §§ 40-35-310,-311(d)(1990). State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the record contains substantial evidence to support the trial court's conclusion that the appellant violated a condition of his probation, no abuse of discretion will be found. Id.

The record in this case contains overwhelming evidence to support the appellant's probation revocation. The appellant has been provided numerous sentencing alternatives, including probation, community corrections, and the "boot camp" program. None of these alternatives to incarceration have succeeded. In sum, the appellant's record is appalling. Accordingly, we conclude that the trial court did not abuse its discretion in reinstating the appellant's original ten year sentence and designating confinement in the Department of Correction. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
THOMAS T. WOODALL, Judge

4